BEFORE THE SECOND DIVISION, APRIL 3, 1958

**No. 61767.**—Globe Importing Co. v. United States, protests 311000–K and 311513–K (New York).

Opinion by LAWRENCE, J. The protests were dismissed for lack of prosecution.

**No. 61768.**—Container Stapling Corp. v. United States, protest 311072–K (New York).

Opinion by LAWRENCE, J. The protest was dismissed for lack of prosecution.

BEFORE THE THIRD DIVISION, APRIL 3, 1958

**No. 61769.**—Carson M. Simon & Co. v. United States, protests 279902–K and 291170–K (Philadelphia).

Opinion by JOHNSON, J. It was stipulated that the merchandise consists of articles which were the manufacture of the United States, returned after having been imported, without having been advanced in value or improved in condition; that all of the applicable customs regulations have been complied with; and that the collector would now classify the merchandise free of duty under said paragraph 1615, if he could do so. In accordance with stipulation of counsel and following Abstract 47521, the claim of the plaintiff was sustained.

**No. 61770.**—Rayon Consultants, Inc., a/c Price I. Myers et al. v. United States, protests 308228–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise, facts, and issues are the same in all material respects as those the subject of *R. J. Saunders & Co., Inc.* v. *United States* (37 Cust. Ct. 267, C. D. 1834), the collector was directed to reliquidate the entries, assessing duty upon the basis of the unit appraised value per conditioned pound or kilo, multiplied by the total number of conditioned pounds or kilos, as set forth in the invoices.